TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

United States v. Gunter

20-202-MJ
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: AUSA Genny Ngai
Firm Name: USAO-EDNY
Address: 271 Cadman Plaza East
Brooklyn NY 11201
Phone Number: 718-254-6393
E-Mail Address: genny.ngai@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered: _____
Judge/Magistrate Judge: _____
Date Entered: _____

**B) If a _new_ application,** the statute, regulation, or other legal basis that authorizes filing under seal

ongoing investigation/risk of flight

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn                    , NEW YORK
        February 26, 2020

*Robert Levy*

**U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE February 26, 2020
                                DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ____ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ____ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation: _____; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

February 26, 2020
DATE

*Genny Ng[signature]*
SIGNATURE

PTH:GN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

JOSEPH GUNTER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

<u>AFFIDAVIT AND
COMPLAINT IN SUPPORT
OF AN APPLICATION FOR
AN ARREST WARRANT</u>

Case No. 20-202-MJ

(21 U.S.C. §§ 952 and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      Matthew Barton, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

      In or about June 2019, within the Eastern District of New York and elsewhere, the defendant JOSEPH GUNTER did knowingly and intentionally import into the United States from a place outside thereof, which offense involved: 100 kilograms or more of a mixture or substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(b)(2)(G).

      (Title 21, United States Code, Sections 952 and 960)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since December 2017. Prior to my employment with HSI, I was a police officer with the Gwinnett County Police Department in Georgia since July 2009, and a police officer with the United States Secret Service Uniformed Division since March 2016. In connection with my official duties, I have training and experience investigating violations of federal law, including narcotics trafficking, smuggling and immigration-related crimes, and have participated in criminal investigations, arrests and the execution of search warrants. Based on my training, experience, involvement in this case and discussions with other law enforcement officers, I have learned the following:

2. In March 2018, GUNTER met with Individual-1, who was associated with a container terminal operating company, in Brooklyn, New York. During this meeting, GUNTER conveyed to Individual-1 that, in sum and substance, he wanted Individual-1 to help him import "Magnum$^2$ and other goods" into the United States. GUNTER did not identify the "other goods" by name. Instead, when Individual-1 asked GUNTER to clarify what he meant by "other goods," GUNTER responded only that it would be "beneficial" for the two of them to work together, and that he believed Individual-1 could help GUNTER clear his shipments through United States Customs and Border Protection ("CBP") screening easily. GUNTER told Individual-1 that he was going to Jamaica soon to coordinate a shipment and would contact Individual-1 upon returning to New York.

---

$^2$ Magnum appears to be an alcoholic beverage product made in Jamaica.

3.      Based on the above conversation, Individual-1 suspected that GUNTER wanted to import controlled substances into the United States, and reported the above encounter with GUNTER to law enforcement officers.

4.      Flight records confirm that on or about April 1, 2018, GUNTER traveled to Kingston, Jamaica, and that he returned to the United States on or about April 24, 2018.

5.      Upon GUNTER's request, on or about September 13, 2018, Individual-1 and GUNTER had a second in-person meeting in Brooklyn, New York.  With the consent of Individual-1, law enforcement officers audio and video recorded GUNTER's communications with Individual-1.  During this meeting, GUNTER told Individual-1, in sum and substance, that he wanted to import marijuana into the United States; that he wanted to import a minimum of 1,000 pounds of marijuana per shipment into Individual-1's terminals; and that the marijuana would be packaged in boxes of goods such as yams. GUNTER then offered to pay Individual-1 money in exchange for Individual-1's assistance.

6.      Thereafter, GUNTER spoke with an undercover law enforcement officer who GUNTER believed was Individual-1's associate ("UC"), regarding his plan to import controlled substances into the United States.  GUNTER and UC spoke on a number of occasions in or about and between January 2019 and June 2019.

7.      For example, on or about January 17, 2019, GUNTER met with UC in-person, and told UC, in sum and substance, that he needed help importing "weed" from Jamaica and that he wanted to import a minimum of "1,000."  GUNTER further confirmed that he would pay Individual-1 and UC money in exchange for their assistance with the importation of the shipments.  Based on my training and experience and involvement in this

4

investigation, I believe that GUNTER's reference to "1,000" meant that GUNTER intended to import at least 1,000 pounds of marijuana into the United States, i.e., approximately 453 kilograms of marijuana.

8. During this meeting, GUNTER also told UC in sum and substance, that GUNTER was "the one that engineered everything" and that GUNTER was "trying to engineer everything to ensure a smooth transition."

9. On or about March 7, 2019, UC and GUNTER had a second in-person meeting in Brooklyn, New York, during which GUNTER discussed importing "green" into the United States. GUNTER also told UC that he wanted to use soft drinks as "fillers." Based on my training and experience, involvement in this investigation, and the conversation between GUNTER and UC, I believe that GUNTER was referring to marijuana when he used the word "green" and that he wanted to import the marijuana in the same container as the soft drinks.

10. Flight records indicate that after GUNTER met with UC, GUNTER traveled to Kingston, Jamaica on or about March 27, 2019. The records further show that GUNTER returned to the United States on or about April 8, 2019.

11. On or about June 13, 2019, CBP law enforcement officers seized a container arriving into the United States from Kingston, Jamaica (the "Container"). The shipper of the Container was listed as Gunter Shipping Ltd. in Kingston, Jamaica. The consignee of the Container was listed as Gunter Shipping, Inc. at 653 Atkins Avenue in Brooklyn, New York. Law enforcement database records indicate that the Brooklyn address is a known address for GUNTER. CBP officers seized the Container and conducted an inspection of the Container at a warehouse facility in New Jersey. During their inspection,

the CBP officers found bundles of green leafy substance suspected to be marijuana contained inside the rails on the bottom of the seized Container. Law enforcement officers field-tested the substance and confirmed the presence of marijuana. In total, law enforcement officers extracted approximately 306.63 kilograms of suspected marijuana from the seized Container. Inside the seized Container, law enforcement officers found beverage products and soft drinks.

12. Thereafter, on or about June 28, 2019, law enforcement officers observed an individual retrieving the Container from a CBP warehouse facility in New Jersey and delivering the Container to the consignee address of 653 Atkins Avenue in Brooklyn, New York. Law enforcement officers observed that GUNTER was present at this location around the time of the Container's delivery.

13. Based on these facts, as well as my training and experience, I believe that there is probable cause that GUNTER imported marijuana from outside of the country into the United States.

## REQUEST FOR SEALING

14. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution and therefore have a significant and

6

negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant JOSEPH GUNTER so that he may be dealt with according to law.

Matthew Barton
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
26th day of February, 2020

_Robert Levy_
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America<br>v.<br>Joseph Gunter<br><br>*Defendant* | ) ) ) ) ) ) ) | Case No. 20-202-MJ |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Joseph Gunter ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Unlawful importation of 100 kilograms or more of a mixture or substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952 and 960.

Date: 2/26/20

*Robert Levy*
*Issuing officer's signature*

City and state:

The Honorable Robert M. Levy
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____  Weight: _____

Sex: _____  Race: _____

Hair: _____  Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____